IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDMON GASAWAY,
:
:
Petitioner :
: CIVIL NO. 4:10-CV-1615
:
v. : (Judge McClure)
:
WARDEN DAVID EBBERT, *et al.*, :
:
Respondents :

**<u>MEMORANDUM</u>**

September 10, 2010

**I. INTRODUCTION**

Petitioner Edmon Gasaway ("Petitioner" or "Gasaway"), an inmate presently confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above action by filing a petition for writ of habeas corpus ("petition"). (Rec. Doc. No. 1.) Named as Respondents are David Ebbert, Warden of FCI Allenwood; Eric Holder, United States Attorney General; the Federal Bureau of Prisons ("BOP"); and the United States Department of Justice ("DOJ"). (*Id.* at 3-4.) Gasaway has paid the required $5.00 filing fee. (*See* Rec. Doc. No. 3.) Accordingly, this matter is before the Court for screening. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**II. BACKGROUND**

Gasaway's petition has been docketed as having been filed under the provisions of 28 U.S.C. § 2241. However, he states that he presents his request for habeas relief under the provisions of 28 U.S.C. § 451 *et seq.* (1940) rather than under 28 U.S.C. § 2241. (Rec. Doc. No. 1 at 1, 2.) He also specifies that he is not filing a motion under 28 U.S.C. § 2255. (*Id.* at 2.) Gasaway states that he is serving a sentence that was imposed by the United States District Court for the Eastern District of Texas. (*Id.* 3 ¶ C.) In an Affidavit submitted with his petition, Gasaway states that the docket number for his criminal proceedings is Criminal No. 1:96-CR-00054. (Rec. Doc. No. 2 ¶ 2.)

In his petition, Gasaway asserts that the federal government lacked jurisdiction to file an indictment against him because he was within the jurisdiction of a State when the events that gave rise to the indictment occurred, and therefore, the United States District Court for the Eastern District of Texas lacked jurisdiction to sentence him following his conviction. His grounds for relief are that his trial counsel was ineffective for failing to ascertain that the Court lacked jurisdiction and that the DOJ committed a fraud upon the Court such that his indictment and conviction should be dismissed with prejudice.

The Court has gleaned the following additional relevant background from

Gasaway's criminal docket in the Eastern District of Texas[1]:

Following a jury trial, Gasaway was convicted on November 8, 1996 of conspiracy to unlawfully obstruct commerce; unlawful obstruction of commerce; and using and carrying a firearm in relation to a crime of violence. He was sentenced on March 3, 1997. Following a direct appeal, on September 23, 1998, the Fifth Circuit Court of Appeals affirmed his conviction and sentence. On June 3, 2002, Gasaway filed a § 2255 motion that was dismissed on June 25, 2002 as barred by the applicable statute of limitations.

As relief in the instant action, Gasaway requests that his indictment and conviction be declared void as a matter of law, and that his judgment and illegal restraint be declared contrary to law and in direct violation of his constitutional rights. (*Id.* at 32.) He also requests that a writ issue to the DOJ to vacate his illegal judgment and conviction, ordering him "legally innocent," and mandating his immediate release. (*Id.*)

---

[1]*See* Criminal No. 1:96-CR-00054, E.D. TX, available at http://www.pacer.gov/.

**III.     DISCUSSION**

Initially, we address Gasaway's contention that he is pursuing his challenges under 28 U.S.C. § 451 *et seq.* (1940). Gasaway is correct that, at one time, this statutory provision provided authority for district courts to issue writs of habeas corpus. *Walker v. Johnson*, 312 U.S. 275, 283 (1941) (citing 28 U.S.C. § 451) ("The statutes of the United States declare that . . . the district courts shall have power to issue writs of habeas corpus"). However, the current version of § 451, entitled "Definitions", is part of Title 28, concerning the Judiciary and Judicial Procedures, and contains definitions relating to the organization of the courts that are applicable to the courts and judges. This statutory provision no longer provides authority for a district court to entertain a petition for writ of habeas corpus, or any other cause of action. Accordingly, we lack jurisdiction to consider Gasaway's request for habeas relief under the provisions of 28 U.S.C. § 451 *et seq.* Despite this immediately evident defect, instead of merely dismissing the petition for lack of jurisdiction without any further screening, in light of the fact that Gasaway has specified that he seeks habeas relief, we shall screen his petition under the currently applicable statutory provision, 28 U.S.C. § 2241.

In screening Gasaway's petition, we are mindful of the fact that habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review;

4

Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

Gasaway's challenges in the instant petition to the DOJ's lack of jurisdiction to file an indictment against him, the authority of a federal court to convict and sentence him, and to his trial counsel's effectiveness in representing him are challenges to the legality of his conviction and sentence. The usual method for a federal inmate who is claiming that his conviction and/or sentence was imposed in violation of the Constitution or laws of the United States is to file a motion with the court which

5

imposed his sentence to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251. Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed. *In re Dorsainvil*, 119 F.3d at 250, 251.

It is apparent from Gasaway's criminal docket that he already filed a § 2255 motion that was dismissed as untimely.[2] If he has not already done so, Gasaway still has the option of filing a motion with the Fifth Circuit Court of Appeals for leave to file a second or successive motion under § 2255. *See* 28 U.S.C. §§ 2244, 2255. Gasaway neither has stated whether he has filed such a motion with the Fifth Circuit, nor has he made any allegations suggesting that a § 2255 motion is inadequate or ineffective to pursue the instant challenges to his conviction and sentence.

Even if he has filed the instant petition with this Court based on his belief that the Fifth Circuit would deny his request to file a second or successive § 2255 motion, we observe that the mere fact that Gasaway is unable to meet the gatekeeping

---

[2]*See supra* note 1.

requirements to file a § 2255 motion does not make it an inadequate or ineffective remedy. *In re Dorsainvil*, 119 F.3d at 251. Accordingly, we must dismiss the instant petition for lack of jurisdiction. An appropriate Order follows.

  s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDMON GASAWAY,  :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　Petitioner　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　: CIVIL NO. 4:10-CV-1615
　　　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　　　: (Judge McClure)
　　　　　　　　　　　　　　　　　　　　　　:
WARDEN DAVID EBBERT, *et al.*,　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　Respondents　　　　　　　　　　　　 :

## **ORDER**

September 10, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.


　　　　　　　　　　　　　　　　　　　　 s/ James F. McClure, Jr.
　　　　　　　　　　　　　　　　　　　　JAMES F. McCLURE, JR.
　　　　　　　　　　　　　　　　　　　　United States District Judge