IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDMON GASAWAY, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-1615
:
v. : (Judge McClure)
:
WARDEN DAVID EBBERT, *et al.*, :
:
    Respondents :

## **MEMORANDUM and ORDER**

December 6, 2010

**I. BACKGROUND**

On August 4, 2010, Petitioner Edmon Gasaway ("Petitioner" or "Gasaway"), an inmate confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition"). (Rec. Doc. No. 1.)

After screening the petition, by Memorandum and Order dated September 10, 2010, we exercised our authority under Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)), to summarily dismiss the petition for lack of jurisdiction. (*See* Rec. Doc.

No. 4.) We explained that dismissal was necessary because Gasaway did not demonstrate that a motion filed under the provisions of 28 U.S.C. § 2255 provided an inadequate or ineffective remedy for his challenges to the legality of his conviction and sentence imposed by the United States District Court for the Eastern District of Texas. (*See id.*) Accordingly, the case was closed.

On November 15, 2010, Petitioner filed a motion seeking summary judgment under Federal Rule of Civil Procedure 56(a). (Rec. Doc. No. 5.) In light of the fact that the petition in the above-captioned case had been dismissed, and the case had been closed for approximately two (2) months, by Order dated November 18, 2010, the motion was denied as moot. (Rec. Doc. No. 6.)

Presently before the Court is a document filed by Petitioner on November 24, 2010 entitled "Request for Rehearing and Ruling on the Merits and Finding of Facts and Judicially Notice [*sic*] Facts." (Rec. Doc. No. 7.) In this filing, Petitioner claims that he did not receive this Court's September 10, 2010 Memorandum and Order dismissing his petition for lack of jurisdiction and seeks "a rehearing on the merits and findings of facts, judicially noticed in Petitioner's writ of habeas corpus." (*Id.* at 1-2.)

We construe Petitioner's filing as a motion for reconsideration of our Order dismissing his petition. For the reasons set forth below, the motion will be denied.

## II. LEGAL STANDARD

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. DISCUSSION

Middle District of Pennsylvania Local Rule 7.10 requires that motions for reconsideration or reargument be accompanied by a supporting brief and filed within fourteen (14) days of the entry of the order concerned. The instant request by

3

Petitioner was not filed within fourteen (14) days of our September 10, 2010 Order, and was not accompanied by a supporting brief. However, because Petitioner claims that he did not receive a copy of our Memorandum and Order dismissing his petition, and he includes argument within his filing, we will consider the merits of his request for reconsideration.

Petitioner has not demonstrated any of the applicable grounds for reconsideration. He explains that his previous § 2255 motion filed with the United States District Court for the Eastern District of Texas was denied as untimely, and therefore, a petition for habeas relief filed under the provisions of § 2241 with this Court is the only adequate or effective remedy available to him. (*See* Rec. Doc. No. 7 at 1.) However, as we explained in our September 10, 2010 Memorandum, Gasaway still has the option of filing a motion with the Fifth Circuit Court of Appeals for leave to file a second or successive motion under § 2255. *See* 28 U.S.C. §§ 2244, 2255. He neither stated in his petition, nor in the instant request for reconsideration, that he has attempted to file such a motion with the Fifth Circuit.

We also observed in our September 10, 2010 Memorandum that, even if Petitioner filed his petition for writ of habeas corpus with this Court based on his belief that the Fifth Circuit would deny his request to file a second or successive § 2255 motion, the mere fact that he is unable to meet the gatekeeping requirements

to file a § 2255 motion does not make it an inadequate or ineffective remedy. *In re Dorsainvil*, 119 F.3d at 251.  Therefore, in citing his inability to timely file a § 2255 motion as a basis for this Court to reconsider its decision to dismiss his habeas petition for lack of jurisdiction, Petitioner has not demonstrated that there has been any intervening change in the applicable law that controls this Court's jurisdiction to entertain a petition for writ of habeas corpus under § 2241, that new evidence is available that was not available previously, or that there is a need to correct a clear error of law or fact or to prevent manifest injustice.  As such, there is no basis to grant reconsideration in this matter, and the instant request will be denied.  However, pursuant to Petitioner's request on the third page of his filing (*see* Rec. Doc. No. 7 at 3), the Clerk of Court will be directed to mail to Petitioner along with a copy of this Order a copy of our September 10, 2010 Memorandum and Order, as well as a copy of the original petition.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's "Request for Rehearing and Ruling on the Merits and Finding of Facts and Judicially Notice Facts" (Rec. Doc. No. 7) is construed as a motion for reconsideration, and the motion is **DENIED**.

2. Along with a copy of this Order, the Clerk of Court shall mail to Petitioner a copy of our September 10, 2010 Memorandum and Order (Rec. Doc. No.

4) and a copy of the petition for writ of habeas corpus (Rec. Doc. No. 1).

                                                s/ James F. McClure, Jr.
                                                JAMES F. McCLURE, JR.
                                                United States District Judge